MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6830
    Facsimile: (415) 436-7234
    E-mail: Kyle.Waldinger@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> GABRIELA TIGGES, <br>     Defendant. | No. CR 12-0608 YGR <br><br> [~~PROPOSED~~] ORDER OF DETENTION PENDING TRIAL |

The United States moved for the pretrial detention of the defendant Gabriela Tigges at the defendant's initial appearance in this District on May 4, 2015. The matter came before the Court on May 6, 2015, for a hearing on the United States' motion for detention. The defendant Gabriela Tigges was present and represented by attorneys Robert Beles and Elliot Silver. Assistant United States Attorney Kyle Waldinger appeared for the United States. Pretrial Services submitted to the Court and the parties a report previously prepared in the Eastern District of New York, as well as a report recently prepared by Pretrial Services in this District. A representative of Pretrial Services was present at the hearing.

At the hearing, the government continued to seek detention; the defendant opposed that motion, and sought pretrial release on conditions pursuant to a secured bond. Proffers and arguments regarding

[PROPOSED] ORDER OF DETENTION
CR 12-0608 YGR

detention and release were submitted by the parties at the hearing.

Upon consideration of the facts, proffers, and arguments presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release at this time will reasonably assure the appearance of the defendant as required. Accordingly, the Court concludes that the defendant must be detained pending trial in this matter.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Court finds that the defendant appears to have left the United States more than five years ago and has stayed in Brazil since that time, all in an effort to avoid potential criminal charges in the United States. The government proffered that the defendant took her minor children out of school in the middle of the school year in about late 2009 and went to Brazil after one of her former employees was arrested and prosecuted. Since that time, several of the defendant's other former employees have been prosecuted. Based on the government's proffer, it appears that the defendant purposefully avoided coming back to the United States for more than five years because, as she stated to a former employee in 2011, she wanted to avoid any "red flags" at the passport check point and because she did not want to take any chances at that point in her life. Since her departure, the defendant appears to have been monitoring the status of any criminal investigation regarding her. These facts and the other facts proffered by the government at the detention hearing support the conclusion that the defendant was concerned about being prosecuted in this country, and that she left the United States and stayed away from the United States because of that concern and to avoid prosecution, thus making her a risk of flight.

In addition, the Court notes that the defendant is a citizen of Brazil and has strong ties to that country, and that she also may have a German or European Union passport. The government proffered that several hundred thousand dollars was wired to the defendant's bank account in Brazil in 2010, and the Pretrial Services report provides information that the defendant owns a home and a group of small apartments in Brazil. In addition, the government proffered that two of the defendant's children still reside in Brazil. Accordingly, the defendant's ties to Brazil are quite strong, while her ties to the United States have become attenuated at least to some extent through her five-year absence from this country. Although the United States of America has an extradition treaty with Brazil, the government has

[PROPOSED] ORDER OF DETENTION
CR 12-0608 YGR                    2

proffered (and the defense has not disputed) that Brazil does not extradite its own citizens to the United States under that treaty. Should the defendant flee to Brazil, the government essentially will have no way to get her back to this country.

Accordingly, based on all of the facts set forth above and proffered by the government at the detention hearing, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release at this time will reasonably assure the appearance of the defendant as required.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with her counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding in this case.

Dated: May _7_, 2015

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge